# LAW OFFICE OF RONALD L. KUBY
ATTORNEYS AT LAW
119 WEST 23RD STREET, SUITE 900
NEW YORK, NEW YORK 10011

TELEPHONE: (212) 529-0223
FAX: (212) 529-0644
WWW.KUBYLAW.COM

RONALD L. KUBY
RHIYA TRIVEDI

OF COUNSEL
GEORGE WACHTEL
LEAH BUSBY

STAFF
SUSAN BAILEY

PROCESS SERVER
LUIS R. AYALA 1952-2012

June 7, 2020

The Hon. Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, NY  10007
(VIA ECF)

Re:  United States v. Juan Carlos Ferrara, 10 Cr. 892 (VEC)

Dear Judge Caproni:

Please accept this untimely letter as a brief reply to the Government's answer in the above-entitled matter. Due either my age or to "quarantine brain," I mistakenly thought the Government's answer was due in June, and I thought that I had updated my PACER information to a different email account.  Thus, I did not receive the ECF notifications.  When I write "please accept" I really mean "please."

What I lacked in alacrity I will make up for in brevity.  First, the government asserts that Petitioner has failed to explicitly state whether immigration proceedings are pending against Mr. Ferrera.   They are indeed pending.  Mr. Ferrera is subject to a final order of deportation, stayed only while his claim under the Convention Against Torture is waiting to be heard.  His next hearing date is tentatively scheduled for February, 2021.

Second, the Government asserts that Ferrara has not asserted any reason as to why he waited six years before filing the instant Petition.  In his Affidavit,

Ferrera explains he first learned of the existence of this remedy a few months prior to executing the Affidavit, after consultation with present counsel.

Third, it is true that "several judges in the Southern District of New York have found in *fact-specific contexts*, that the court's advice of rights relating to immigration consequences of a plea can cure any failing of defense counsel." Whyte v. United States, 2015 WL 4660904 (SDNY 2015)(emphasis added). In this case, Petitioner had been assured by his retained counsel that a marijuana case was "no big deal" for immigration purposes and that 1 to 3 years of probation was the only likely consequence. He believed that the actual taking of the plea was a formality. Moreover, the plea court's statement that Petitioner "will be subject to deportation and/or deprive you of the right to apply for U.S. citizenship or to re-enter the country" is ambiguous and open to multiple interpretations. The mandatory "will" does not change the meaning of "subject you to," defined as "tentative," "likely", or "possibly affect." ("Prices are subject to change"). https://www.merriam-webster.com/dictionary/subject%20to. The "and/or" formulation suggests that one or more of those consequences *could* happen but is hardly a statement that, in fact, all three will happen and are *mandatory*. *Compare*, *Bhindar v. United States*, 2013 WL 171084 (S.D.N.Y. 2013)(The court's statement that "You will be removed from the United States and prohibited from ever re-entering the United States" overcame counsel's deficiency.).

Finally, the Government requests more time to "review the record further and potentially supplement its response . . . . "It would be churlish to reject the Government's request for additional time in light of my untimely response. However, further fact-finding, if needed, can be done at an evidentiary hearing, if ordered.

Sincerely,

Ronald L. Kuby