```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
  UNITED STATES OF AMERICA,                           :
                                                      :         10-CR-892(VEC)
          -against-                                   :
                                                      :              ORDER
  JUAN CARLOS FERRERA,                                :
                                                      :
                              Defendant.              :
------------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/07/2020

VALERIE CAPRONI, United States District Judge:

      WHEREAS Mr. Juan Carlos Ferrera has petitioned the Court for a writ of *coram nobis* vacating his conviction for conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 846, 841(b)(1)(D), on the ground that he was not adequately advised of the immigration consequences of his guilty plea, Dkt. 359;

      WHEREAS Mr. Ferrera avers that he would not have accepted the plea agreement and pleaded guilty had he been informed that the conviction would cause him to lose his status as a permanent resident and be subject to deportation, Dkt. 359-1;

      WHEREAS Mr. Ferrera was sentenced to time served on October 8, 2013, Dkt. 307;

      WHEREAS Mr. Ferrera allegedly did not become aware of the immigration consequences of his conviction until, following his application for renewal of his lawful residency status, he was arrested by ICE agents in March 2016, Dkt. 359-1;

      WHEREAS Mr. Ferrera allegedly did not become aware of the availability of *coram nobis* relief until he was referred to his current counsel in the summer of 2019, Dkt. 359-1;

      WHEREAS the Government opposes the petition on the ground that Mr. Ferrera's petition is untimely and that he cannot show prejudice because, notwithstanding his former counsel's failure to inform him of the immigration consequences, he received such warnings

from Judge Deborah Batts during the plea colloquy and from the Government in the written plea agreement, Dkt. 366;

WHEREAS the Second Circuit has admonished that a warning as to immigration consequences given during a plea colloquy or within a plea agreement may not suffice, and that prejudice should be assessed on a case-by-case basis[1];

WHEREAS the Second Circuit has held that late discovery of the availability of *coram nobis* relief is a justifiable reason for delay[2]; and

WHEREAS the Government has requested an opportunity to further develop the record in the event that the petition is not immediately denied, Dkt. 366;

IT IS HEREBY ORDERED THAT an evidentiary hearing is scheduled for **August 20, 2020, at 11:00 A.M.**; all parties and their witnesses must appear for the hearing in Courtroom 443 of the Thurgood Marshall United States Courthouse, located at 40 Foley Square, New York, New York 10007.  No later than **August 6, 2020**, all parties must file joint pre-hearing submissions containing any and all affidavits and other exhibits that they wish the Court to consider as part of the motion.  The parties are advised to focus on whether there was "a reasonable probability that [Mr. Ferrera] could have negotiated a plea that did not impact [his] immigration status or that he would have litigated an available defense." *Doe v. United States*, 915 F.3d 905, 911 (2d Cir. 2019); *Rodriguez v. United States*, 730 F. App'x 39, 44 (2d Cir. 2018) (explaining that immigrant defendant could reasonably decide to proceed to trial despite low

---

[1]    *See Doe v. United States*, 915 F.3d 905, 912 (2d Cir. 2019) (granting relief despite deportation being listed as a consequence in plea agreement); *Rodriguez v. United States*, 730 F. App'x 39, 40, 43 (2d Cir. 2018) (remanding the case to determine the issue of prejudice despite warning of deportation in plea colloquy).

[2]    *See Kovacs v. United States*, 744 F.3d 44, 54 (2d Cir. 2014) ("[I]t is improbable that [the petitioner] (or whatever attorney he consulted) would have promptly thought about *coram nobis*, which is as arcane as it is ancient.").

probability of success if avoiding immigration consequence was of "paramount importance").

Mr. Ferrera's petition is, therefore, held in abeyance pending the hearing.

**SO ORDERED.**

Date:  **July 7, 2020**
       **New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**