USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/24/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

UNITED STATES OF AMERICA,                     :

                                              :        10-CR-892 (VEC)

            -against-                         :

                                              :        ORDER

JUAN CARLOS FERRERA,                          :

                                              :

                              Defendant.      :

------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

WHEREAS on February 24, 2021, the parties appeared via video conference for a plea proceeding in this matter;

WHEREAS the Court found that due to the high number of COVID-19 cases in New York, the interests of justice compelled proceeding by way of video instead of in open court;

WHEREAS at the hearing, Mr. Ferrera waived his right to be indicted and authorized Defense counsel to sign the waiver of indictment on his behalf;

WHEREAS the Court arraigned Mr. Ferrera on the Superseding Information (S6);

WHEREAS Mr. Ferrera entered a plea of guilty, which was accepted by the Court; and

WHEREAS the Court scheduled Mr. Ferrera's sentencing for Wednesday, March 24, 2021, at 2:00 P.M.;

IT IS HEREBY ORDERED that Defense counsel must email Chambers the signed Waiver of Indictment by no later than **Friday, February 26, 2021**.

IT IS FURTHER ORDERED that due to a conflict in the Court's calendar, Mr. Ferrera's sentencing is adjourned to **Thursday, March 25, 2021, at 10:00 A.M.** Pre-sentencing submissions are due no later than **Wednesday, March 10, 2021**.

IT IS FURTHER ORDERED that the sentencing will be held in Courtroom 443 of the

Thurgood Marshall United States Courthouse, located at 40 Foley Square, New York, New York

10007.

IT IS FURTHER ORDERED that per the SDNY COVID-19 COURTHOUSE ENTRY

PROGRAM, any person who appears at any SDNY courthouse must complete a questionnaire

and have his or her temperature taken. Please see the enclosed instructions. Completing the

questionnaire ahead of time will save time and effort upon entry. Only those individuals who

meet the entry requirements established by the questionnaire will be permitted entry. Please

contact chambers promptly if you or your client do not meet the requirements.

IT IS FURTHER ORDERED that interested members of the public may attend by dialing

1-888-363-4749, using the access code 3121171 and the security code 0892. All of those

accessing the hearing are reminded that recording or rebroadcasting of the proceeding is

prohibited by law.

IT IS FURTHER ORDERED that this Order is entered, pursuant to Federal Rule of

Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No 116–182, 134 Stat. 894

(Oct. 21, 2020), to confirm the Government's disclosure obligations under *Brady* v. *Maryland*,

373 U.S. 83 (1963), and its progeny, and to summarize the possible consequences of violating

those obligations.

The Government must disclose to the defense all information "favorable to an accused"

that is "material either to guilt or to punishment" and that is known to the Government. *Id.* at 87.

This obligation applies regardless of whether the defendant requests this information or whether

the information would itself constitute admissible evidence.  The Government shall disclose such

information to the defense promptly after its existence becomes known to the Government so that the defense may make effective use of the information in the preparation of its case.

As part of these obligations, the Government must disclose any information that can be used to impeach the trial testimony of a Government witness within the meaning of *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny.  Such information must be disclosed sufficiently in advance of trial in order for the defendant to make effective use of it at trial or at such other time as the Court may order.[1]

The foregoing obligations are continuing ones and apply to materials that become known to the Government in the future.  These obligations also apply to information that is otherwise subject to disclosure regardless of whether the Government credits it.

In the event the Government believes that a disclosure under this Order would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, it may apply to the Court for a modification of its obligations, which may include in camera review or withholding or subjecting to a protective order all or part of the information otherwise subject to disclosure.[2]

For purposes of this Order, the Government has an affirmative obligation to seek all information subject to disclosure under this Order from all current or former federal, state, and local prosecutors, law enforcement officers, and other officers who have participated in the prosecution, or investigation that led to the prosecution, of the offense or offenses with which the defendant is charged.

---

[1]     This Order does not purport to set forth an exhaustive list of the Government's disclosure obligations.

[2]     The Classified Information Procedures Act sets forth separate procedures to be followed in the event that the Government believes matters relating to classified information may arise in connection with the prosecution.  *See* 18 U.S.C. app. 3 §§ 1 *et seq*.

If the Government fails to comply with this Order, the Court, in addition to ordering production of the information, may:

(1) specify the terms and conditions of such production;

(2) grant a continuance;

(3) impose evidentiary sanctions;

(4) impose contempt or other sanctions on any lawyer responsible for violations of the Government's disclosure obligations, or refer the matter to disciplinary authorities;

(5) dismiss charges before trial or vacate a conviction after trial or a guilty plea; or

(6) enter any other order that is just under the circumstances.

**SO ORDERED.**

Date:  **February 24, 2021**
       **New York, New York**

            **VALERIE CAPRONI**
           **United States District Judge**

**Instructions for Courthouse Entry**

All members of the public, including attorneys, appearing at a Southern District of New York courthouse must complete a questionnaire and have their temperature taken before being allowed entry into that courthouse.

On the day you are due to arrive at the courthouse, click on the following weblink to begin the enrollment process. Follow the instructions and fill out the questionnaire. If your answers meet the requirements for entry, you will be sent a QR code to be used at the SDNY entry device at the courthouse entrance.

Weblink: https://app.certify.me/SDNYPublic

Note: If you do not have a mobile phone or mobile phone number, you must complete the questionnaire and temperature screening at an entry device at the courthouse.